IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ADVANCE ENVIRONMENTAL INC, | ) | No. 74857-2-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| DIRECTOR, WASHINGTON STATE | ) | |
| DEPARTMENT OF LABOR AND | ) | UNPUBLISHED OPINION |
| INDUSTRIES, | ) | |
| | ) | |
| Appellant. | ) | FILED: July 3, 2017 |
| | ) | |

MANN, J. — Airborne asbestos dust and particles are known to produce irreversible lung damage and bronchogenic carcinoma. As a result, the State imposes special requirements controlling asbestos removal. These include a requirement that if removal disturbs asbestos fibers, asbestos containing materials may not be removed without advance notice to the Department of Labor and Industries (Department).

The Department issued a citation to Advance Environmental, Inc. (AEI) for violating regulations adopted under the Asbestos Safety Act, chapter 49.26 RCW, including a serious violation of WAC 296-65-020(2) which requires 10-day notice before removing asbestos containing materials. AEI appealed the citation to the Board of Industrial Insurance Appeals (Board). After reviewing the evidence, the Board affirmed

the Department's citation. AEI then petitioned for review by the superior court. The superior court granted AEI's petition and reversed the citation. The Department appeals the superior court's reversal of the citation for a serious violation of WAC 296-65-020(2). Because the Board's decision is supported by substantial evidence and not erroneous as a matter of law, we reverse the superior court and affirm the Board's decision and the Department's citation.

## FACTS

In October 2012, AEI removed vinyl flooring from two mobile homes that it planned to demolish. The vinyl flooring contained asbestos, which releases asbestos fibers when cut or torn. WAC 296-65-020 requires a person removing asbestos without leaving it intact to notify the Department 10 days before beginning the removal. Before it started demolition, AEI twice requested a waiver from the 10-day notice requirement. The first waiver request was denied by a Department supervisor. A few days later, Randy Gee, the owner of the contractor doing the demolition, called Department inspector McClelland Davis and again asked for a waiver of the notice requirement. After Davis advised Gee that the demolition did not qualify for a waiver, Gee responded that the job had to proceed and concluded the call.

Concerned that the demolition would proceed without the required notice, Davis inspected the job site on October 19, 2012. When he arrived at the site, Davis found Gee on a track hoe starting to demolish one of the two mobile homes. Davis asked Gee if there had been asbestos removal. Gee responded yes. Davis was unable to enter the mobile home being demolished because it was unstable. Davis was, however, able to enter the second mobile home and discovered that part of the flooring in the bedroom

-2-

area had been removed in its entirety leaving only the floor joists. Based on his experience, Davis believed it was unusual for someone to remove both the vinyl and underlying wood flooring during an asbestos removal. The normal process would be to try and peel the vinyl flooring away from the underlying wood. Davis believed the only way the vinyl and underlying floor would be removed would by cutting it out.

On February 7, 2013, the Department cited AEI for a serious violation of WAC 296-65-020(2) which requires 10-day notice before removing asbestos containing material.[1] AEI appealed the citation to the Board. Consistent with RCW 51.52.104, an evidentiary hearing was conducted by the Board's industrial appeals judge. Davis testified on behalf of the Department. AEI did not present any witnesses. At the conclusion of the hearing, the industrial appeals judge issued a proposed decision and order finding that the Department failed to prove that AEI was required to provide 10-day notice for the removal of asbestos containing material. The Department filed a petition for review of the appeals judge's proposed decision to the Board. After review of the record, the Board found that AEI's "work was an asbestos project" and that it was required to provide 10-day notice prior to abatement of the asbestos containing material. The Board's decision affirmed the entire citation.

AEI appealed the Board's decision to the superior court arguing that the order was not supported by substantial evidence and that the Board improperly placed the

---

[1] The citation included three separate alleged violations: (1) a Repeat Serious violation of WAC 296-65-020(1) (failing to provide notice prior to asbestos removal) (Item 1-1); (2) a Serious violation of WAC 296-65-020(2) (failing to provide notice 10 days in advance of the abatement work) (Item 2-1); and (3) a General violation of WAC 296-842-14005 (maintaining a confidential copy of an employee's medical questionnaire). The Department subsequently reduced the penalty for Item 1-1 and issued a corrective notice of redetermination on March 24, 2013. Only Item 2-1 (failing to provide 10-day notice prior to abatement work) is at issue in this appeal.

burden of proof on AEI. The superior court reversed stating only that the Board's decision was "[b]ased upon an error of law, and [n]ot supported by substantial evidence." The Department appeals the superior court's order to the extent that it reversed item 2-1: the citation for a serious violation of WAC 296-65-020(2).

## ANALYSIS

The Department contends that the superior court erred in reversing the Board's decision. Because the Board's decision was supported by substantial evidence and not erroneous as a matter of law, we agree with the Department.

I

The Asbestos Safety Act is enforced under the Washington Industrial Safety and Health Act (WISHA). WISHA governs our review of the Board's decision. RCW 49.17.150(1). "We review the Board's decision based on the record that was before the Board." Potelco, Inc. v. Wash. Dep't of Labor & Indus., 194 Wn. App. 428, 434, 377 P.3d 251 (2016). If the Board's findings are supported by substantial evidence, then they are conclusive. RCW 49.17.150(1); Potelco, 194 Wn. App. at 434. "Substantial evidence is evidence sufficient to persuade a fair-minded person of the truth of the matter asserted." Potelco, 194 Wn. App. at 434. We do not reweigh the evidence. Instead, we view it in the light most favorable to the party that prevailed before the Board—here, the Department. Potelco, 194 Wn. App. at 434.

We review errors of law de novo. "We construe WISHA statutes and regulations liberally to achieve their purpose of providing safe working conditions for workers in Washington." Frank Coluccio Constr. Co. v. Dep't of Labor & Indus., 181 Wn. App. 25, 36, 329 P.3d 91 (2014). We give substantial weight to an agency's interpretation of

statutes and regulations within its area of expertise. "But we retain ultimate responsibility for interpreting a regulation." <u>Frank Coluccio</u>, 181 Wn. App. at 36.

II

AEI argues that we should affirm the superior court's decision because the Board's decision is "not supported by substantial evidence, with respect to Findings of Fact 3 and 4."[2] We disagree.

RCW 49.26.120(2) requires that "[t]he department shall require persons undertaking asbestos projects to provide written notice to the department before the commencement of the project." The Department's regulations further define the notice requirements. WAC 296-65-120 requires individuals to provide 10-day notice of asbestos projects to ensure safe removal:

> (1) Before any person or individual begins an asbestos project as defined in WAC 296-62-07722 or 296-65-003 involving more than forty-eight square feet . . . of asbestos containing material, written notification must be provided to the department.

> (2) Notices must be received by the department no later than ten days prior to the start of the project. Notices must be sent directly to the department of labor and industries regional office having jurisdiction on the project.

An "asbestos project" includes the demolition of any building "releasing or likely to release asbestos fibers into the air." RCW 49.26.100(2). Department regulations further define an asbestos project to include projects where asbestos containing

---

[2] Relying on RAP 10.3(h), the Department argues that because AEI is challenging the Board's administrative order it was required to assign error to the Board's decision on appeal, and because it failed to do so, the Board's findings are verities on appeal. While RAP 10.4(h) is specific to appeals brought under the administrative procedures act, chapter 34.05 RCW, we agree that the same rule should apply to challenges brought under WISHA. However, while AEI's brief did not include a separate assignment of error, it made clear in its briefing that it was assigning error to the Board's findings of fact 3 and 4. In its request for relief AEI asks this court to "affirm the Superior Court's determination that Citation 2-1 . . . is not supported by substantial evidence, with respect to Findings of Fact 3 and 4."

materials "do not stay intact (including removal of vinyl asbestos floor (VAT) or roofing materials by mechanical methods such as chipping, grinding, or sanding." WAC 296-62-07722(3)(b)(i)(B). An exception to this requirement is where the asbestos containing material is removed "intact" because no would be exposed to asbestos fibers. WAC 296-62-07722(3)(b)(ii)(A).

The Department concluded that AEI's work removing the asbestos containing vinyl flooring constituted an "asbestos project" and thus notice was required under WAC 296-65-120. AEI maintained that the flooring was removed intact and thus was exempt from the notice requirements. The Board agreed with the Department.

A.    Substantial Evidence Supports Finding of Fact 3

The Board's finding of fact 3 concluded that the project was an "asbestos project" because AEI removed the asbestos containing flooring using mechanical methods without the required notice:

> 3. On October 18, 2012, [AEI] removed flooring and window putty from the two mobile homes at 3611"I" Street NE, Auburn, WA 98002. The work involved the removal for over 10 linear feet and/or 48 square feet of asbestos containing material. The work was an asbestos project because mechanical methods of removal of the asbestos containing materials were used. Because the work was an asbestos project, [AEI] had to provide 10 days written notice to the Department before beginning its work removing the asbestos containing material.

The Department's witness, Davis, testified that it would have been impossible to remove the sheet vinyl and the plywood underlayment it was glued to without cutting through the vinyl. Davis explained that "intact" removal usually related only to removal of square pieces of floor tile that can be easily popped off without disturbing the asbestos material in the matrix. Davis explained that because sheet vinyl flooring is

glued down, it cannot be peeled away from the underlying wood without leaving a mess and disturbing the matrix. Davis believed that AEI had cut both the vinyl and underlying wood flooring out because he saw clean edges adjacent to the walls. Davis concluded that AEI cut the floor around the edges with a saw and then cut the flooring into small sections to fit through the doorway. Davis testified that in 29 years of experience as a field inspector and industrial hygienist, he had never seen a sheet vinyl floor removed like this. Davis opined that removing the flooring by cutting it would have released asbestos fibers.

Davis further explained that AEI twice asked the Department for a waiver of the 10-day notice requirement. After Davis denied the second request, Gee told Davis that the work would commence anyway. Davis testified that he had never had a situation where a contractor would call seeking a waiver if they intended on doing an intact removal.

AEI also contends that Davis's testimony was contradictory and that he admitted that it was possible to remove the vinyl and underlayment intact. This argument fails. Davis was asked on cross-examination whether, hypothetically, someone could slice the sheet vinyl along a seam, and then use a "Burke Bar" (a crowbar-like tool) to get underneath the underlying plywood, pry it up, and remove the full boards out the door. Although Davis conceded that it may have been possible to do this he did not believe that this is what happened. Davis believed the flooring had not been removed intact because he saw clean edges around the floor, and from this he inferred that the floor was cut into pieces and carried out. At best, the question posed to Davis during cross-examination was a hypothetical question; it was not evidence of how AEI removed the

-7-

flooring. Hypothetical questions are not evidence unless the party offering the hypothetical establishes the necessary facts to support them. Peterson v. State, 100 Wn.2d 421, 442, 671 P.2d 230 (1983). AEI failed to offer any evidence in support of its hypothetical.

AEI also contends that Davis was unqualified to testify about how the floor was removed. This argument also fails. While Davis admitted he did not have construction or demolition experience, he confirmed that he had held a masters of science degree in public health and industrial hygiene, had 29 years of service as an industrial hygienist with the Department, and had performed over 2000 asbestos inspections. On appeal, we do not reweigh the evidence or assess credibility. Potelco, 194 Wn. App. at 434. Rather, we ask if substantial evidence supported the finding. If it does, then our analysis ends.

Viewed in the light most favorable to the Department, the evidence supports the Board's finding of fact 3: AEI used mechanical methods to cut the floor into pieces to remove it. Removing the flooring like this made the project an "asbestos project." AEI was required to notify the Department 10 days before starting. See WAC 296-65-020.

B.    Substantial Evidence Supports Finding of Fact 4

The Board's finding of fact 4 concluded:

4. A substantial probability existed that the [AEI] employees exposed to the hazard described in Items No. 1-1 and 2-1 would be injured, and that if harm resulted, it would be serious physical harm, including the possibility of cancer, long-term disease, and suffering.

Davis, after describing his education and training as an industrial hygienist, his 29 years of experience with the Department as a field inspector, then supervisor of

hygiene compliance inspectors, and his specific training with asbestos, explained the dangers of asbestos exposure:

> [Davis]: Asbestos is a known carcinogen and has a history of people being exposed to it with an unknown amount and causing cancer, causing what's known as mesothelioma, a form of lung cancer, and at higher doses, asbestosis, a rather debilitating disease where you basically suffocate.
>
> . . . .
>
> [Department's Counsel]: Mr. Davis, is there any known save level of asbestos exposure?
> [Davis]: None that I've heard of and none that I've found in any literature.

Viewed in the light most favorable to the Department, substantial evidence supports finding of fact 4: a substantial probability existed that AEI employees were exposed to asbestos fibers during the flooring removal and could be seriously harmed.[3]

### III

AEI also argues that the Board committed an error of law by improperly shifting the burden of proof from the Department to AEI. AEI bases its arguments primarily on a statement in the Board's decision noting:

> [AEI] maintains that the flooring was removed intact and therefore it had no obligation to notify the Department 10 days before the removal of [asbestos containing material. However, [AEI] did not present evidence of the manner in which the flooring was removed.

AEI contends this passage is evidence that the Board improperly shifted the burden of proof. We disagree. Contrary to AEI's contention, the Board applied the proper burden of proof.

As the Board explained in the opening paragraph of its decision: "In this order we address the only contested issue of this appeal; whether the Department has met its

---

[3] AEI's appellate brief offers no substantive argument against finding of fact 4.

burden of proof to establish that [AEI] committed the violations alleged in Citation and Notice No. 316558741." The Board later reiterated that: "[i]n a WISHA appeal, the Department has the burden of proving the alleged violations and the correctness of the assessed penalty." The Board clearly understood the appropriate burden of proof.

After reviewing the testimony from Davis, the only witness, the Board explained:

> The Department has proved that [AEI] failed to provide proper notice of an asbestos project. The eyewitness testimony of Mr. Davis is circumstantial evidence that shows that flooring containing [asbestos containing material] had been cut (mechanically removed) from the project location. The project involved over . . . 48 square feet of [asbestos containing material]. Because this was not an intact removal, [AEI] was subject to notice requirements.

Once the Department met its burden of proof, the Board then correctly shifted the burden to AEI to rebut or present an affirmative defense. Other than its hypothetical cross-examination, AEI presented no evidence. The Board then correctly concluded that "[t]he Department has met its burden of proof to establish that [AEI] committed the violations alleged in [the citation.]." The Board did not improperly shift the burden of proof.

We reverse the superior court's decision ordering the Board to vacate Citation Item 2-1. We affirm the Board and Item 2-1 in the Department's October 3, 2014 Decision and Order regarding Corrective Notice of Redetermination No. 316558741.

_____ Mann, J.

WE CONCUR:

_____

_____ Dwyer, J.